UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN HASKIN et al.,

        Plaintiffs,

v.

CROP PRODUCTION SERVICES, INC.,
f/k/a UAP DISTRIBUTION, INC.
        Defendant.
        _____/

File No. 1:11-CV-1050

HON. ROBERT HOLMES BELL

**O P I N I O N**

This breach of warranty action was removed from the Ionia County Circuit Court on the basis of diversity of citizenship. This matter is currently before the Court on Plaintiffs' motion to amend and to remand to state court. (Dkt. No. 6.) Defendant opposes the motion based on its contention that Plaintiffs have asserted claims against a new party solely for the purpose of destroying diversity. (Dkt. No. 7.) For the reasons that follow, Plaintiffs' motion to amend and remand will be denied.

I.

On July 26, 2011, Plaintiffs Brian Haskin, Bryan Spitzley, and Timothy Spritzley filed a three-count complaint against Crop Production Services, Inc. ("CPS") in the Ionia Circuit Court, alleging breach of express warranty, breach of implied warranty of fitness for a particular purpose, and negligent misrepresentation. (Dkt. No. 1, Ex. A, Compl.) Plaintiffs alleged that: CPS's certified crop advisers promised that Plaintiffs could achieve a certain

yield of corn per acre if they used urea and Defendant's product "Accomplish" (Compl. ¶ 10); in reliance on Defendant's representations, Plaintiffs' purchased the urea and Accomplish from Defendant and had CPS apply them to their cornfields (Compl. ¶ 11); Plaintiffs' fields did not produce the yields promised by Defendant, and Defendant has refused to reimburse Plaintiffs' for their lost yields (Compl. ¶ 16).

On September 15, 2011, after Defendant had initiated discovery concerning the amount in controversy, Plaintiffs moved for leave to amend their complaint to add Clay Martz as a defendant, and to assert negligent-misrepresentation and promissory-estoppel claims against him. (Dkt. No. 1, Ex. M.) According to Plaintiffs' motion, Clay Martz is the local CPS manager and certified CPS crop adviser who gave Plaintiffs the faulty advice. On September 29, 2011, prior to the scheduled hearing on Plaintiffs' motion to amend, Defendant removed this action to federal court on the basis of diversity of citizenship. (Dkt. No. 1, Notice of Removal.) Plaintiffs have renewed their motion to amend their complaint, and have moved to remand the case to state court for lack of diversity jurisdiction. (Dkt. No. 6.)

## II.

Plaintiffs assert that the purpose of the amendment is to assert valid claims of promissory estoppel and negligent misrepresentation against Martz. Plaintiffs note that under Michigan law, plaintiffs may pursue their tort claims against an employee and his employer alike. *See Pietrowsky v. Sam's Club*, No. 11-10999, 2011 WL 2433466, at *2 (E.D. Mich.

2

June 13, 2011) ("Defendant does not deny that its employee, Mr. Bammel, may be held personally liable for negligent acts committed in the course of his employment, and Michigan law confirms that Plaintiffs may pursue their tort claims against this employee and his employer alike."). Plaintiffs filed the motion within two months of filing their original complaint, and they suggest that they will be injured if amendment is not allowed, either by being denied the opportunity to assert valid claims, or by being forced to litigate in two separate jurisdictions.

In response, Defendant characterizes Plaintiffs' motion as a deliberate attempt to destroy diversity and asserts that Plaintiffs' proposed claims against Martz are futile. Defendant contends that Plaintiffs' negligent misrepresentation claim is barred by the economic loss doctrine, and because Plaintiffs cannot demonstrate that Martz owed them a duty separate and apart from any duty created by Plaintiffs' contractual relationship with CPS. *See Bailey Farms v. NOR-AM Chem. Co.*, 27 F.3d 188, 191-92 (6th Cir. 1994). Defendant contends that Plaintiffs' promissory estoppel claim is futile because Plaintiffs have not identified a promise separate and distinct from the alleged warranty that is indisputably governed by the U.C.C.

Plaintiffs reply that they have a valid negligent misrepresentation claim against Martz because he had an independent duty to provide accurate information, and because the economic-loss rule does not apply where the Plaintiffs have no contract-based claims against Martz. In conclusion, Plaintiffs assert that because Defendant has not demonstrated the

3

absence of any possibility that they Plaintiffs have a colorable claim against Martz under Michigan law, the Court must remand.

Although Plaintiffs motion to amend was brought pursuant to 28 U.S.C. § 1447(e), both parties have relied on case law analyzing the doctrine of fraudulent joinder. There is no dispute that Martz is a non-diverse party and that his joinder would destroy the Court's subject matter jurisdiction.[1] However, because Martz was not added before removal, resolution of Plaintiffs' motion to amend is governed by 28 U.S.C. 1447(e), rather than by the doctrine of fraudulent joinder. *See Walters v. Lowe's Home Imp. Warehouse of Georgetown*, No. 5:10–302, 2011 WL 3319717, at *1 (E.D. Ky. Aug. 1, 2011) ("The Court notes that 28 U.S.C. 1447(e), rather than fraudulent joinder, applies because the non-diverse party was not added until after removal."); *see also Mackey v. J.P. Morgan Chase Bank, N.A.*, No. 11-11279, 2011 WL 2650600, at *1 (E.D. Mich. July 6, 2011) ("Plaintiff's request to add a non-diverse defendant and remand this case to state court is governed by 28 U.S.C. § 1447(e)."); *Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n*, No. 08-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009) (noting that courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming non-diverse nominal or irrelevant parties in order to avoid removal, while § 1447(e) enables a court to prevent a party from

---

[1] Although the general rule is that diversity is determined at the time of the filing of a lawsuit, where an amended complaint is filed which names a non-diverse party, diversity must be determined at the time of the filing of the amended complaint. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

single-handedly depriving it of jurisdiction after removal). Joinder under § 1447(e) and fraudulent joinder are not the same, and they are subject to different standards.

Section § 1447(e) provides;

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Whether or not to allow joinder under § 1447(e) is a matter left to the Court's discretion. In exercising that discretion, the Court considers "the diverse defendant's interest in selecting a federal forum . . . together with four other factors: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." *Kunkel v. CUNA Mut. Ins. Soc.*, No. 2:11-CV-492, 2011 WL 4948205, at *2 (S.D. Ohio Oct. 18, 2011) (quoting *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005)).

Plaintiffs' assertions that their motive for adding Martz is immaterial and that the Court must remand because they have articulated a colorable claim against Martz are based on their erroneous reliance on cases addressing fraudulent joinder. *See Coyne v. American Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999); *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp.2d 674 (W.D. Mich. 2007). Although a plaintiff's motive is "immaterial" to a determination regarding fraudulent joinder, *Jerome-Duncan, Inc. v. Auto-By-Tel. LLC*, 176 F.3d 904, 907

5

(6th Cir. 1999), motive is the most important factor in determining whether to allow joinder under § 1447(e). *Bridgepointe Condominiums*, 2009 WL 700056 at *2; *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823-24 (N.D. Ohio 2008).

Plaintiffs do not deny that they could have included Martz in their original complaint. They undoubtedly knew his identity and the role he allegedly played in causing their injuries. Plaintiffs' complaint references representations by multiple agents of CPS, but Plaintiffs seek to join only one agent, the one who is a Michigan citizen. Plaintiffs acknowledge that they did not file their motion to join Martz until after Defendant had initiated discovery to determine whether Plaintiffs' damages exceed the sum of $75,000. (Dkt. No. 1, Exs. F, H, J, Req. for Admis.) These facts suggest that Plaintiffs did not move to join Martz until they recognized that Defendant intended to remove the case to federal court on the basis of diversity, and that one of Plaintiffs' primary motives for adding Martz was to destroy diversity. *See Kunkel*, 2011 WL 4948205 at *3 (denying motion to add a non-diverse party where the plaintiff could have joined the defendant's agent in the original complaint); *cf. Mackey*, 2011 WL 2650600, at *3 (allowing joinder of a non-diverse party where the plaintiff was not aware of the possible role of the non-diverse party when she filed her original complaint); *Pietrowsky v. Sam's Club*, 2011 WL 2433466 at *1 (allowing joinder of a non-diverse party who was identified in initial discovery).

Plaintiffs have not convinced the Court that they will be injured significantly if the amendment is not allowed. Although Plaintiffs have asserted that they might not be able to

6

obtain full recovery if the amendment is not allowed, Plaintiffs' concern is based on the hypothetical of CPS asserting that Martz's representations were made without its authorization. (Dkt. No. 6, Pls.'s Br. 5.) Whether such a defense will be raised is speculative at best. Plaintiffs allege in their original and proposed first amended complaint that Martz was an authorized agent of CPS who made representations while acting within the scope of his duties as an employee of CPS. (Compl. ¶ 38; Dkt. No. 6, Ex. 1, Proposed First Am. Compl. ¶ 38.)

The Court concludes that the purpose of the amendment is primarily to defeat jurisdiction and only incidentally to assert claims for relief against Martz. The balance of the equities weigh in favor of maintaining jurisdiction in this court. Accordingly, Plaintiffs' motion to amend and to remand to state court will be denied.

An order consistent with this opinion will be entered.


Dated: March 20, 2012                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE